G. ROXANNE ELINGS
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
MetLife Building
New York, NY 10166
Telephone: (212) 801-9200
Facsimile:  (212) 801-6400
elingsr@gtlaw.com

Attorney for Plaintiffs
ZAZENDI, LTD. and SUSAN FISHER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ZAZENDI, LTD. and SUSAN FISHER,

                      Plaintiffs,

      v.

POTTERY BARN, INC and WILLIAMS-
SONOMA, INC.,

                    Defendants.

------------------------------------------------------------

) **Civil Action No.**
)
)
) **COMPLAINT FOR COPYRIGHT**
) **INFRINGEMENT, TRADE DRESS**
) **INFRINGEMENT, FALSE**
) **DESIGNATION OF ORIGIN AND**
) **UNFAIR COMPETITION**
)
) **DEMAND FOR JURY TRIAL**
)
)
)

## COMPLAINT

Plaintiffs Zazendi, Ltd. and Susan Fisher (collectively "Plaintiffs" or "Zazendi") allege the following for their Complaint against Defendants Pottery Barn, Inc. and Williams-Sonoma, Inc. (collectively "Defendants") on personal knowledge as to Zazendi's own activities and on information and belief as to the activities of Defendants:

## THE PARTIES

1.      Plaintiff Zazendi, Ltd. is organized under New York law with offices at 1060 5th Ave., Apt 5A, New York, NY 10128.

2.    Plaintiff Susan Fisher is an individual residing at 1060 5th Ave., Apt. 5A, New York, NY 10128.

3.    Upon information and belief, Defendant Williams-Sonoma, Inc. is a California corporation, with its principal place of business and executive offices at 3250 Van Ness Ave., San Francisco, CA 94109.   Williams-Sonoma, Inc. owns and operates Pottery Barn retail stores throughout the United States, including in New York, and owns and operates Pottery Barn's web store located at the URL of <http://www.potterybarn.com>, which distributes products throughout the United States, including New York and this District.

4.    Upon information and belief, Defendant Pottery Barn, Inc. is a subsidiary of Williams-Sonoma, Inc. and is doing business throughout the United States, including New York and this District.

## JURISDICTION AND VENUE

5.     This is an action for: (a) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 501, *et. seq.*; (b) trade dress infringement in violation of Section 43(a)  of the Lanham Act and 15 U.S.C. § 1125(a); (c) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act and 15 U.S.C. § 1125(a); and (d) unfair competition under New York state law, all of which activities have occurred in this District and elsewhere in interstate commerce.

6.    Subject matter jurisdiction for the claim of copyright infringement and unfair competition and false designation of origin is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 17 U.S.C. § 501 and  15 U.S.C. § 1125(a).   Supplemental jurisdiction for the state law claims of unlawful deceptive acts and practices and unfair competition is proper in

this Court pursuant to 28 U.S.C. § 1367 because these claims form part of the same case or controversy as the claim for copyright infringement.

7.     This Court has personal jurisdiction over Defendants in that Defendants conduct business throughout the State of New York, including this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendants are transacting business within this District.  Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this District.

## FACTUAL BACKGROUND

### Plaintiffs' Products and Sale of Their Copyrighted Designs

9.     Zazendi, Ltd. and Susan Fisher are purveyors of luxury fashion accessories for women.

10.     Susan Fisher established Zazendi, Ltd. to sell her signature line of accessories. Currently, Zazendi, Ltd. is a leader in the design, development, manufacture, advertising, marketing, distribution, licensing, and sale of women's accessories (the "Zazendi Products").

11.     Susan Fisher is the owner of federal and common law copyright registrations for its original print and fabric designs.

12.     Zazendi Products have become favorably known throughout the World for their distinctive style, high-quality materials, and superior designs.  Genuine Zazendi Products are easily identified by their distinctive designs.

13.     As a result of the high-quality and superb design of Zazendi Products, these products have achieved an outstanding reputation among consumers, especially fashion-conscious women.  Plaintiffs' copyrighted prints themselves have become well and favorably

known in the industry and to the public as the exclusive source of Zazendi Products and have come to symbolize the goodwill built up in Zazendi Products.

14.    Zazendi Products are sold in high-end department stores, such as Neimann Marcus and Bloomingdales, as well as through Zazendi's web store located at the URL of <http://www.zazendi.com>.

15.    Zazendi and Zazendi Products have been the subject of much unsolicited, laudatory press coverage in various media, including editorial coverage in the world's leading fashion and lifestyle magazines such as The Wall Street Journal, Vanity Fair, In Style, and MSNBC.

16.    On November 30, 2004, Susan Fisher created designs featuring bikinis and flip flops that were embroidered on bikini bags and flip flop bags and sold and marketed by Zazendi Ltd. (the "Bikini Bag and Flip Flop Collection").  True and correct copies of photographs of the Bikini Bag and Flip Flop Collection are attached hereto as Exhibit A.

17.    The public has come to recognize the distinctive embroidered designs, colors, and style of bag of the Bikini Bag and Flip Flop Collection as emanating from Zazendi (the "Zazendi Trade Dress").

18.    Ms. Fisher registered the Bikini Bag and Flip Flop Collection with the U.S. Copyright Office on January 29, 2008.  A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No. VA 1-632-635 for the "Bikini Bag and Flip Flop Collection" is attached hereto as Exhibit B.

19.     The copyright registration of the Bikini Bag and Flip Flop Collection creates a legal presumption in favor of Zazendi with respect to the ownership of and validity of the copyright in the Bikini Bag and Flip Flop Collection Design.

## DEFENDANTS' INFRINGING CONDUCT

20.     Without authorization or license from Zazendi, Defendants have produced and are selling a bikini bag that is virtually identical to those in Zazendi's Bikini Bag and Flip Flop Collection (the "Infringing Bags").

21.     Specifically, Defendants' Infringing Bags nearly identically copy the style and colors of Zazendi's polka dot string bikini design and both designs are placed on similarly styled draw string bags.  True and correct copies of photographs of the Infringing Bags are attached hereto as Exhibit C.

22.     Upon information and belief, the Infringing Bags were sold at Pottery Barn's retail stores and on-line through its Pottery Barn web store.

23.     Upon information and belief, Defendants profited from the unauthorized production, distribution, and sale of the Infringing Bags using the Zazendi Trade Dress and infringing Zazendi's common law and federal copyright rights.

24.     On February 15, 2008, notice was sent to Defendants by counsel for Zazendi bringing to Defendants' attention their sale of the Infringing Bags, and Zazendi's ownership of the copyright to the Bikini Bag and Flip Flop Collection and demanding that Defendants immediately cease and desist marketing and sale of the Infringing Bags.  On or about March 18, 2008, Defendants gave notice that they did not intend to re-order the Infringing Bags. However, Defendants have not confirmed that they have ceased all sale of the Infringing Bags.

25.    Upon information and belief, the Infringing Bags were first released by Defendants for sale well after Zazendi's first publication of the Bikini Bag and Flip Flop Collection in April 2005 and subsequent widespread sales. Defendants continued to sell the Infringing Bags after the copyright registration of the Bikini Bag and Flip Flop Collection by Zazendi.

26.    Upon information and belief, Defendants' infringement is willful, done with knowledge of and/or reckless disregard for Zazendi's rights in its Bikini Bag and Flip Flop Collection.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 501, et. seq.)

28.    Zazendi repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

29.    Zazendi is the owner of all right, title and interest in and to its Bikini Bag and Flip Flop Collection.

30.    Zazendi has never authorized, licensed or otherwise permitted Defendants to manufacture, distribute or sell copies of its Bikini Bag and Flip Flop Collection.

31.    Defendants have copied Zazendi's Bikini Bag and Flip Flop Collection by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and selling the Infringing Bag, which bears designs identical or nearly identical to Zazendi's Bikini Bag and Flip Flop Collection.

32.     As a direct and proximate result of Defendants' unauthorized use of its Bikini Bag and Flip Flop Collection Design, Zazendi has suffered damages to its valuable Bikini Bag and Flip Flop Collection, and other damages in an amount to be proved at trial.

33.     Defendants have realized unjust profits, gains and advantages as a proximate result of its infringement.

34.     Zazendi does not have an adequate remedy at law, and will continue to be damaged by Defendants' copyright infringement unless this Court enjoins Defendants from such infringing practices.

**SECOND CLAIM OF RELIEF**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

35.     Zazendi repeats and realleges the preceding paragraphs as if fully set forth herein.

36.     Zazendi has built up valuable goodwill in the distinctive appearance of its Bikini Bag and Flip Flop Collection Design on exclusive Zazendi Products.

37.     The consumers and the general public have come to associate the Bikini Bag and Flip Flop Collection with Zazendi Products as emanating exclusively from Zazendi.

38.     The Infringing Bags are nearly identical or substantially similar to genuine Zazendi Products which bear the Bikini Bag and Flip Flop Collection Design and, as such, Defendants' sale of the Infringing Bags are likely to cause confusion to the general purchasing public.

39.     By manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and selling identical replicas of Zazendi Products bearing the Bikini Bag and Flip Flop Design, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Bags and create a likelihood of confusion by ultimate purchasers

and to others seeing the Infringing Bags as to both the source and sponsorship of such merchandise.

40.    Defendants' unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling of the Infringing Bags creates express and implied misrepresentations that the Infringing Bags were created, authorized or approved by Zazendi, all to Defendants' profit and Zazendi's great damage and injury.

41.    Defendants have realized unjust profits, gains and advantages as a proximate result of their unfair competition.

42.    Zazendi has no adequate remedy at law.    If Defendants' activities are not enjoined, Zazendi will continue to suffer irreparable harm and injury to its goodwill and reputation.

**THIRD CLAIM OF RELIEF**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)**

43.    Zazendi repeats and realleges the preceding paragraphs as if fully set forth herein.

44.    Zazendi's Trade Dress is inherently distinctive.

45.    As a result of the experience, care, and service of Zazendi in producing and providing the Bikini Bag and Flip Flop Collection, Zazendi's Bikini Bag and Flip Collection has become widely known and has acquired a reputation for excellence.    Moreover, Zazendi's Trade Dress has become associated with Zazendi's Bikini Bag and Flip Flop Collection, and has come to symbolize the reputation for quality and excellence of Zazendi's Bikini Bag and Flip Flop Collection.    As such, and because consumers identify Zazendi's Bikini Bag and Flip Flop Collection Design with products having their source in Zazendi, Zazendi's Trade Dress has attained secondary meaning.

46.　Zazendi's Trade Dress is non-functional.

47.　Defendants' use of trade dress which infringes upon Zazendi's Trade Dress is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Bags, and is likely to deceive the public into believing the Infringing Bags originate from, are associated with, or are otherwise authorized by Zazendi, all to the damage and detriment of Zazendi's reputation, goodwill and sales.

48.　Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Zazendi's Trade Dress in connection with their goods and services in interstate commerce constitutes trade dress infringement and false designation of origin.

49.　As a direct and proximate result of Defendants' conduct, Zazendi has suffered damages to its valuable Zazendi's Trade Dress, and other damages in an amount to be proved at trial.

50.　Zazendi has no adequate remedy at law.  If the Defendants' activities are not enjoined, Zazendi will continue to suffer irreparable harm and injury to Zazendi's goodwill and reputation.

### FOURTH CLAIM OF RELIEF
### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

51.　Zazendi repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

52.　Defendants, without Zazendi's authorization or consent, and having knowledge of Zazendi's well-known and prior rights in the Bikini Bag and Flip Flop Collection have

manufactured and/or arranged for manufacture of, advertised, distributed, offered for sale and sold Infringing Bags to the consuming public in direct competition with Zazendi Products.

53.    Defendants' use of copies or simulations of Zazendi's Bikini Bag and Flip Flop Collection Design is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Bags, and is likely to deceive the public into believing the Infringing Bags being sold by Defendants originate from, are associated with, or are otherwise authorized by Zazendi.

54.    Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

55.    Defendants have realized unjust profits, gains and advantages as a proximate result of their unlawful deceptive acts and practices.

56.    Zazendi has no adequate remedy at law and, if Defendants' activities are not enjoined, Zazendi will continue to suffer irreparable harm and injury to its goodwill and reputation.

## FIFTH CLAIM OF RELIEF
## UNFAIR COMPETITION UNDER NEW YORK STATE LAW

57.    Zazendi repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

58.    Zazendi has built up valuable goodwill in the Bikini Bag and Flip Flop Collection.

59.    Defendants' use of Zazendi's Bikini Bag and Flip Flop Collection Design is likely to and does permit Defendants to palm off the Infringing Bag as that of Zazendi, all to the detriment of Zazendi and the unjust enrichment of Defendants.

60.    Defendants, upon information and belief, with full knowledge of the fame of Zazendi and the Bikini Bag and Flip Flop Collection, intended to and did trade on the goodwill

associated with the Bikini Bag and Flip Flop Collection and have misled and will continue to mislead the public into assuming a connection between Zazendi and Defendants by manufacturing, arranging for manufacture, advertising, selling and/or distributing the Infringing Bags.

61.     Defendants' unauthorized use of Zazendi's Bikini Bag and Flip Flop Collection Design has caused and is likely to continue to cause Zazendi damage by tarnishing the valuable reputations and images associated with Zazendi and its genuine goods.  Defendants have further palmed off their goods as Zazendi Products by misrepresentations to the consuming public, members of whom are likely to and do believe the Infringing Bags emanate from or are otherwise associated with Zazendi.

62.     The acts of Defendants mislead and deceive the public as to the source of Defendants' goods, permit and accomplish the palming off of Defendants' goods as those of Zazendi and falsely suggest a connection with Zazendi, and therefore constitute acts of unfair competition with Zazendi in violation of the laws of the State of New York.

63.     Defendants have realized unjust profits, gains and advantages as a proximate result of their unfair competition.

64.     Defendants' acts have and will continue to cause Zazendi irreparable harm unless enjoined by this Court.  Zazendi has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants, jointly and severally:

1.     That Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them be permanently enjoined from directly or indirectly infringing Zazendi's Bikini Bag

and Flip Flop Collection in any manner, including, but not limited to, reproducing, adapting, and/or displaying Zazendi's Bikini Bag and Flip Flop Collection Design by distributing, importing, exporting, advertising, selling, and/or offering for sale, or causing others to do so, any product, including without limitation, accessories bearing designs substantially similar to Zazendi's Bikini Bag and Flip Flop Collection;

2.    That Defendants be required to effectuate the recall, removal, and return from commercial distribution and/or public display of:

(a)    Any products bearing a design identical or substantially similar to Zazendi's Bikini Bag and Flip Flop Collection Design distributed, imported, exported, advertised, sold, and/or offered for sale by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them, including, without limitation, that design shown in Exhibit C annexed hereto; and

(b)    Any promotional and/or advertising materials, packaging, or other items bearing designs substantially similar to Zazendi's Bikini Bag and Flip Flop Collection used or displayed by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them; and

(c)    Any pattern, or other item used by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them, to manufacture any product, promotional and/or advertising materials, packaging, or other item bearing designs substantially similar to Zazendi's Bikini Bag and Flip Flop Collection;

3.      That Defendants be required to deliver up for destruction all of the items called for by Paragraph 2 of this Prayer for Relief, above, as well as any remaining products, advertising, packaging, patterns, or other items bearing designs substantially similar to Zazendi's Bikini Bag and Flip Flop Collection, that are in Defendants' custody or control;

4.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth the details of how Defendants have complied with Paragraphs 1 through 3 of this Prayer for Relief, above;

5.      For an award of actual damages sustained by Plaintiff;

6.      For an award of Defendants' profits attributable to their copyright infringement;

7.      If elected by Plaintiff, for the maximum statutory damages as permitted under the Copyright Act;

8.      For such other amounts as may be proper under 17 U.S.C. § 504;

9.      For such other amounts as may be proper under 15 U.S.C. § 1117;

10.     For an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

11.     For prejudgment interest as permitted by law; and

12.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Respectfully submitted,

DATED:  July 3, 2008

GREENBERG TRAURIG, LLP

By
G. Roxanne Elings

NY 238,819,422v1 6/5/2008

200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorney for Plaintiffs*
*Susan Fisher and Zazendi, Inc.*

# Exhibit A











width = 218 cm



# Bikini-itsy-bitsy

Zazendi, Susan Fisher, 1060 Fifth Ave, NY, NY 10128
212-831-3353    susan@zazendi.com



# Bikini & Flip Flop Collection by Zazendi
## created Nov. 30, 2004
### embroidered designs
### Susan Fisher
susan@zazendi.com

Bikini-green/SB-flip-gr
waterproof lining on bikini bag

Bikini-pink/SB-flip-pink
waterproof lining on bikini bag





Bikini-itsy-bitsy/SB-flip-itsy
waterproof lining on bikini bag

Bikini-turq/SB flip-turq
waterproof lining on bikini bag

# Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-632-635

**Effective date of
registration:**

January 29, 2008

## Title

| | |
|---|---|
| **Title of Work:** | BIKINI BAG & FLIP FLOP COLLECTION |
| **Nature of Work:** | EMBROIDERED DESIGN |

## Completion/ Publication

| | |
|---|---|
| **Year of Completion:** | 2004 |
| **Date of 1st Publication:** | April 15, 2005 |

## Author

| | |
|---|---|
| **Author:** | Susan Fisher |
| **Author Created:** | 2-Dimensional artwork |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Year Born:** | 1954 |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Susan Fisher |
| | 1060 Fifth Avenue, #5-A, New York, New York 10128 |

## Limitation of copyright claim

| | |
|---|---|
| **Previously registered:** | No |

## Certification

| | |
|---|---|
| **Name:** | Susan Fisher |
| **Date:** | January 25, 2008 |

**EXHIBIT C**

Pottery Barn


